IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:09cr155-MHT |
| WILLY JOE MELGAREJO | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Willy Joe Melgarejo's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, currently set for November 30, 2009, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Melgarejo in a speedy trial.

2

Malgarejo contends that a continuance is necessary to continue negotiations and resolve the case without a trial.  This is particularly important in light of the fact that Malgarejo is facing the possibility of a substantial sentence, if he is convicted on all counts. The government is unopposed to the motion.

Accordingly, it is ORDERED as follows:

(1) Defendant Willy Joe Melgarejo's motion for continuance (doc. no. 127) is granted.

(2) Defendant Melgarejo's jury selection and trial are continued to February 8, 2010, in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

DONE, this the 25th day of November, 2009.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE